FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC 14 P 1:06
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MIGUEL MALDONADO,

    Petitioner,

vs.

    CIVIL ACTION NO.: CV512-081

TRACY JOHNS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Miguel Maldonado ("Maldonado"), an inmate currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondent[2] filed a Response. For the reasons which follow, Maldonado's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Maldonado was convicted in the district court for the District of Maryland of one count of unauthorized reentry after deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a). (Doc. No. 12-1, p. 2). He was sentenced to forty-eight (48) months' imprisonment. (Id.).

---

[1] In his petition, Maldonado seeks injunctive relief. His petition was also docketed as a separate Motion for Injunctive Relief. The disposition in this Report applies to both Maldonado's petition and his Motion.

[2] Respondent correctly asserts that he is an improper respondent for Maldonado's § 2241 petition. The correct respondent is the current warden at D. Ray James. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Due to the undersigned's recommended disposition of Maldonado's petition, no further discussion of this assertion is necessary.

In the instant petition, Maldonado argues that the United States Immigration and Customs Enforcement ("ICE") has issued a detainer against him and that the detainer was improperly issued because he is a national of the United States. Respondent contends that Maldonado's petition should be dismissed for want of subject matter jurisdiction.

## DISCUSSION AND CITATION OF AUTHORITY

The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE. Orozco v. U.S. Immigration & Naturalization Serv., 911 F.2d 539, 541 (11th Cir. 1990); Oguejiofor v. Attorney Gen. of the U.S., 277 F.3d 1305, 1308 n.2 (11th Cir. 2002). This position is in accord with the majority of Courts of Appeals. See, e.g., Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003); Garcia v. Taylor, 40 F.3d 299, 303–04 (9th Cir. 1994); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989). "The underlying rationale of these courts is that a detainer, as distinguished from other [ICE] orders, does not put a 'hold' on" the individual. Ryan v. Dep't of Homeland Sec., No. 3:09cv399/LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010); accord Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (noting that, the lodging of a detainer, without more, is insufficient to render the alien "in custody"). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Id. (internal citation omitted). "In the immigration context, a detainer usually serves only as a notice to

AO 72A
(Rev. 8/82)

prison authorities that . . . ICE is going to be making a decision about the deportability of the alien in the future." Id. (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty." Id. "Because there is no actual claim to the individual following the completion of his criminal sentence, there is no custody." Id.

The undersigned concludes that Maldonado is not "in custody" of ICE for purposes of 28 U.S.C. § 2241 simply by way of the detainer ICE lodged against him. Maldonado does not contend that ICE served him with an order to show cause or a final deportation order or that there is some other reason he should be considered to be in the custody of ICE. Because Maldonado is not "in custody" of ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claims.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Maldonado's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of December, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)