IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MIGUEL MALDONADO,

   Petitioner,

vs.           CIVIL ACTION NO.: CV512-081

TRACY JOHNS, Warden,

   Respondent.

## ORDER

Petitioner Miguel Maldonado ("Maldonado") filed an Objection to the Magistrate Judge's Report dated December 14, 2012, which recommended that Maldonado's 28 U.S.C. § 2241 petition be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his petition, Maldonado argued that the United States Immigration and Customs Enforcement ("ICE") has issued a detainer against him and that the detainer was improperly issued because he is a national of the United States. The Magistrate Judge properly determined that because the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Department of Homeland Security ("DHS") or ICE, Maldonado is not "in custody" of ICE for purposes of 28 U.S.C.

§ 2241 simply by way of the detainer ICE lodged against him. Consequently, this Court does not have jurisdiction to entertain Maldonado's claim.

Maldonado's Objection does not address the content of the Magistrate Judge's Report. Instead, in his Objection, Maldonado argues that because he is a national of the United States, his conviction for unauthorized reentry after deportation after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), is unlawful. Even if Maldonado's argument were relevant to the Magistrate Judge's Report, it would still not be persuasive. Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). A prisoner may attack his conviction or sentence by filing a habeas petition pursuant to § 2241 only when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted). Maldonado has not shown that § 2255 would be inadequate or ineffective to

2

test the legality of his conviction. Consequently, the argument made in his Objection is not properly made in a § 2241 petition or in an objection relating to a § 2241 petition.

Maldonado's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Maldonado's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 25 day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)